UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN REID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTION OFFICER FINN, et al.,<br><br>　　　　Defendants. | Civil Action No. 20-7425 (FLW)<br><br>MEMORANDUM & ORDER |

This matter has been opened to the Court by Plaintiff's filing of a Complaint and an Amended Complaint pursuant to 42 U.S.C. §1983, as well as an application to proceed *in forma pauperis* ("IFP application"). ECF Nos. 1-3. The Court will grant Plaintiff's IFP application. Federal law requires the Court to screen Plaintiff's Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, who identifies himself as a pretrial detainee at Middlesex County Adult Correctional Center, asserts that he was assaulted on March 12, 2020, by Corrections Officers Finn and Marcinko. *See* ECF No. 1, Amended Complaint at 2, 5-6. Plaintiff also asserts that after the assault, he was stripped naked and kept in a "back room" without sheets or blankets for days. *See id.* at 6.

The Court has screened the Amended Complaint in this action for dismissal and determined that the Complaint states § 1983 claims for excessive force and unconstitutional conditions of confinement against Corrections Officers Finn and Marcinko for assaulting Plaintiff, stripping him

naked, and leaving him in a back room without clothes or bedding for days.  Accordingly, dismissal of the § 1983 claims against these Defendants is not warranted, and these claims shall proceed.

The Court, however, will dismiss the federal claims against the remaining Defendants. Section 1983 liability requires a "showing of direct responsibility" by named defendants and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] ... of any constitutional rights," *see Rizzo v. Goode*, 423 U.S. 362, 376–77, (1976), including theories of vicarious or *respondeat superior* liability.  *See Merklin v. United States*, 788 F.2d 172, 175 (3d Cir. 1986).  Instead, "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 676 (2009).  "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677.  Plaintiff alleges that he notified Defendant Warden Cranston of the misconduct after it occurred, but there are no facts to suggest that the Warden was personally involved in the alleged wrongs, and *respondeat superior* is not a basis for liability under § 1983.  As such, the Court will dismiss without prejudice the Amended Complaint as to Warden Cranston.

Plaintiff also speculates that nurses at Middlesex County Adult Correctional Center may have been involved in a "cover up" of the misconduct, *see* Amended Complaint at 6, but he provides no other facts to support his allegations of wrongdoing by the nurses referred to in the Complaint and does not identify any of them as Defendants.  As such, to the extent Plaintiff intends to sue the nurses identified in the Complaint, these claims are dismissed without prejudice.

The Court will also dismiss <u>with prejudice</u> the Amended Complaint as to Defendant Middlesex County Adult Correctional Center as this entity is not a "person" under § 1983.  *See Pettaway v. SCI Albion*, 487 F. App'x. 766, 768 (3d Cir. 2012) (explaining that department of

corrections and prison are not "persons" and thus cannot be sued under 42 U.S.C. § 1983) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).

The Court notes that Plaintiff may be attempting to allege a § 1983 claim for relief under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, (1978).  Under § 1983, a municipality may be held liable when its policymakers implement a policy, custom, or practice that causes a constitutional violation.  *See id.*  Even if Plaintiff had named the County of Middlesex as a defendant, that entity, like the warden, cannot be found liable simply because it employs wrongdoers.  *See id.* at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003).  Instead, Plaintiff must assert facts showing that the municipality had a relevant policy, custom, or practice, which caused a violation of Plaintiff's constitutional rights.  *See Natale*, 318 F.3d at 583-84; a*ccord Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  Plaintiff vaguely asserts that "Middlesex County used the COVID-19 to stop anyone from seeing [Plaintiff] while they abused many inmates. . . ."  These allegations without more are insufficient to state a *Monell* claim against Middlesex County for an unconstitutional policy, custom, or practice.  As such, the *Monell* claim against Middlesex County is also dismissed without prejudice.

**IT IS,** therefore, on this 6th day of August 2020,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2) is hereby **GRANTED**; and it is further

**ORDERED** that the Amended Complaint (ECF No. 3) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Middlesex County Adult Correctional Facility; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act ("PLRA") provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the excessive force and conditions of confinement claims under 42 U.S.C. § 1983 against Defendant Corrections Officers Finn and Marcinko shall **PROCEED** at this time; and it is further

**ORDERED** that Defendant Middlesex County Adult Correctional Center is dismissed **WITH PREJUDICE**; and it is further

**ORDERED** that the remaining federal claims and Defendants are dismissed without prejudice for the reasons stated in the Memorandum and Order; and it is further

**ORDERED** Plaintiff may submit an Amended Complaint within 30 days of the date of this Order to the extent he can provide sufficient facts to cure the deficiencies in his claims against any of the Defendants the Court has dismissed without prejudice; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States;[1] and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[1] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[2] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.